UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                      Plaintiff,

-against-

VICTOR PEREZ,

                      Defendant.
----------------------------------------------------------X

**ORDER**
89 CR 408 (ADS) (WDW)

**APPEARANCES:**

**VICTOR PEREZ**
Defendant *Pro Se*
Community Correctional Center
Bronx, New York 10468

**ROSLYNN R. MAUSKOPF**
**UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
Central Islip Courthouse
610 Federal Plaza
Central Islip, New York 11722
    By:    Assistant U.S. Attorney Denise McGinn

**SPATT, District J.**

       Presently before the Court is a request by the *pro se* defendant Victor Perez (the "defendant") for the Court to vacate its Order, dated April 7, 2006, which adopted the Recommendation of United States Magistrate Judge William D. Wall that the defendant's Rule 41(g) motion seeking the return of property seized from him by the

Drug Enforcement Agency ("DEA") at the time of the his arrest on June 1, 1989 should be denied.

On October 15, 2005, the defendant's Rule 41(g) motion was referred to Magistrate Judge Wall to conduct a reconstruction hearing in order to determine why the petitioner's currency was subject to administrative forfeiture even though it was unlawfully seized; whether the currency should now be returned to the petitioner; and to issue a report and recommendation to that effect pursuant to Rule 72(b) of the Federal Rules of Civil Procedure.

On March 21, 2006, Magistrate Judge Wall issued a report that recommended that the defendant's motion be denied as untimely. Objections to Judge Wall's recommendation were required to be filed on or before March 31, 2006.

On April 7, 2006, in the apparent absence of objections from the defendant, the Court adopted Judge Wall's Report and Recommendation in its entirety, and denied the defendant's motion. On May 18, 2006, the Court received a letter from the defendant stating that he received this Court's Order, but that he never received a copy of Judge Wall's Report and Recommendation and, thus, never had an opportunity to object.

The docket in this matter reflects that the copy of the Report and Recommendation sent to the defendant from Judge Wall's chambers was sent to an address with an incorrect zip code for the location where the defendant is incarcerated.

2

P-049

Even though the address was in all other respects correct, the Report and Recommendation never reached its destination, and was returned as "undeliverable" on April 3, 2006. The return was not docketed until April 12, 2006, five days after the Court issued its Order adopting Judge Wall's Recommendation. Thus, at the time the Court adopted Judge Wall's Report and Recommendation the Court was unaware that the defendant had not received it and had no knowledge of the determination.

Based on the foregoing, it is hereby

**ORDERED**, that Court's Order, dated April 7, 2006, adopting Judge Wall's Report and Recommendation and denying the defendant's motion for the return of his property is VACATED; and it is further

**ORDERED**, that the Assistant United States Attorney responsible for this matter is directed to serve a copy of Judge Wall's Report and Recommendation on the defendant, and to immediately file proof of service with the Court; and it is further

**ORDERED,** that the defendant shall have twenty days from the date of service to file objections to the Report and Recommendation.

**SO ORDERED.**

Dated: Central Islip, New York
May 30, 200(

A.U.S.A. McGin

IS DIRECTED TO SERVE A
COPY OF THIS ORDER ON ALL PARTIES UPON
RECEIPT.

ARTHUR D. SPATT
United States District Judge

3